IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS GADBAW,

                 ORDER

        Plaintiff,

  v.                                            14-cv-202-slc

TRACY DOWNS,

        Defendant.

---

This is a medical malpractice action in which plaintiff Thomas Gadbaw alleges federal diversity jurisdiction under 28 U.S.C. § 1332. A review of the complaint, dkt. 1, reveals that plaintiff's allegations regarding the parties' citizenship are inadequate. Plaintiff has alleged residency but not domicile.

The first question in any federal lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). Section 1332 requires complete diversity of citizenship, which means that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006).

Residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which [he] has the intention of returning whenever he is absent therefrom." Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile-that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co. v. J.E. G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); see also 28 U.S.C. § 1332. Therefore, plaintiff must report each party's domicile.

ORDER

It is ORDERED that not later than June 24, 2014, plaintiff must submit verification, in the form of an affidavit or stipulation, of the citizenship of the parties.

Entered this 17th day of June, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge